ORIGINAL

FILED
JUL 1 1 2007
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

STOBIE CREEK INVESTMENTS LLC, by and through JFW INVESTMENTS, LLC., Tax Matters and Notice Partner,

Plaintiff

v.

THE UNITED STATES OF AMERICA,

Defendant.

Case No. 07-520 T

**COMPLAINT FOR READJUSTMENT OF PARTNERSHIP ITEMS UNDER SECTION 6226 OF THE INTERNAL REVENUE CODE**

**Nature of Action**

1. This is a petition for readjustment of partnership items for the tax year ending April 30, 2000 brought pursuant to Section 6226(b) of the Internal Revenue Code of 1986, as amended (the "Code") and Appendix F of the Rules of the United States Court of Federal Claims to contest the Notice of Final Partnership Administrative Adjustment dated February 23, 2007, a copy of which is attached hereto as Exhibit A (the "FPAA").[1]

2. The Plaintiff is JFW Investments, LLC ("JFW LLC"), a Delaware limited liability company duly formed under the Delaware Limited Liability Company Act, a Notice Partner, as defined in Code Section 6231(a)(8), of Stobie Creek Investments LLC ("Stobie Creek"), a Delaware limited liability company duly formed under the Delaware Limited Liability Company Act. The Plaintiff is also the Tax Matters Partner as defined in Code Section 6231(a)(7) with respect to Stobie Creek.

[1] On July 12, 2005, the Plaintiff filed a petition for readjustment of partnership items for the tax year ending December 31, 2000, pursuant to Code Section 6226(b) and Appendix F of the Rules of the United States Court of Federal Claims, to contest a Notice of Final Partnership Administrative Adjustment dated March 9, 2005. The litigation is pending in this Court, Case No. 05-00748.

3. The address of JFW LLC and Stobie Creek is 780 Third Avenue, Suite 3400, New York, New York 10017. The taxpayer identification number of Stobie Creek is 13-4106264. The federal income tax return (Form 1065) for Stobie Creek for the period in controversy was filed with the Internal Revenue Service Center, Holtsville, New York.

4. The FPAA was issued on February 23, 2007 for Stobie Creek's taxable year ending April 30, 2000 by the St. Paul, Minnesota office of the Internal Revenue Service ("IRS").

**Statement of Claim**

5. The Plaintiff, in its capacity as tax matters partner, did not file a complaint within the time period required by Code Section 6226(a); rather, the plaintiff is filing this Complaint as a notice partner within the time period prescribed by Code Section 6226(b) and in accordance with Rule 2(d)(2) of Appendix F of the Rules of the United States Court of Federal Claims.

6. The Plaintiff's Partnership Items as defined in Code Section 6231(a)(3) have not become Nonpartnership Items within the meaning of Code Section 6231(a)(4) by reason of any of the events described in Code Section 6231(b), and the period within which tax attributes to partnership items may be assessed has not expired. Therefore, the Plaintiff satisfies the requirements of Code Section 6226(d).

7. The Plaintiff hereby seeks:

a. A refund (with interest provided by law) of $58,149.14 illegally collected by the IRS;

b. The determination that the IRS erred in determining that:

(i) neither Stobie Creek nor its partners have established the existence of Stobie Creek as a partnership as a matter of fact;

(ii) even if Stobie Creek existed as a partnership, the partnership was formed and availed of solely for purpose of tax avoidance by overstating bases in the partnership interests of its partners;

(iii) the formation of Stobie Creek, the acquisition of any interests in the partnership by the partners, the purchase of options, the transfers of options and appreciated stock to the partnership for partnership interests, the transfers of partnership interests to corporations and the subsequent sale of those assets had no business purpose, lacked economic substance, and constitutes an economic sham;

(iv) the partnership and the transactions described in the above paragraph shall be disregarded in full and increases in bases of assets are not allowed to eliminate gain for federal income tax purposes.

(v) Stobie Creek was a sham, lacked economic substance and, under Treas. Reg. § 1.701-2, was formed and availed of in connection with a transaction or transactions in taxable year ending April 30, 2000 a principal purpose of which was to reduce substantially the present value of its partners' aggregate federal tax liability in a manner that is inconsistent with the intent of Subchapter K of the Code;

(vi) Stobie Creek is disregarded and all transactions engaged in by Stobie Creek are treated as engaged in directly by its partners;

(vii) the foreign currency options are treated as never having been contributed to or assumed by Stobie Creek and any gains or losses realized by Stobie Creek on the options are treated as having been realized by its partners;

(viii) The stock of Therma Tru Corporation ("Therma-Tru") contributed to Stobie Creek is treated as never having been contributed by its partners and any gains or losses realized by Stobie Creek on the stock are treated as having been realized by its partners;

(ix) The partners of Stobie Creek should be treated as not being partners in Stobie Creek and contributions to Stobie Creek will be adjusted to reflect clearly the partnership's or the partners' income;

(x) Stobie Creek's basis in the Terma Tru stotck was $3,180,124 under Code Section 723;

(xi) there was no excess of outside basis in Stobie Creek over Stobie Creek's inside basis, Stobie Creek's Code Section 754 election had no effect, and the Code Section 743(b) adjustment to basis was $0.

(xii) obligations under the short positions (written call options) transferred to Stobie Creek constitute liabilities for purposes of Treas. Reg. § 1.752-6, the assumption of which reduced the partners' total bases in Stobie Creek by $204,575,000 but not below the fair market value of the partnership interests;

(xiii) the option positions purchased and sold are integrated into a single transaction pursuant to Code Section 988;

(xiv) neither Stobie Creek nor its partners entered into the options positions or purchased the foreign currency or stock with a profit motive for purposes of Code Section 165(c)(2);

(xv) the option positions constitute an arrangement under Code Section 465(b)(4) to limit the exposure to risk of loss and neither Stobie Creek nor its

partners established any other amounts considered to be at risk for purposes of Code Section 465 that would allow the partners to deduct losses arising from or in connection with Stobie Creek;

(xvi) even if the foreign currency options are treated as having been contributed to Stobie Creek, the amount treated as contribution under Code Section 722 is reduced by the amounts received by the contributing partners from the contemporaneous sales of the call option to the same counter party

(xvii) the basis of the contributed options is reduced, both in the hands of the contributing partners and Stobie Creek, and any increase in the outside basis in Stobie Creek resulting from contributions of the foreign currency options are disallowed;

(xviii) the adjusted bases of the long call positions (purchased call options), zero coupon notes, and other contributions contributed by the partners to Stobie Creek have not been established and, accordingly, the partners of Stobie Creek have not established bases in their respective partnership interests in an amount greater than zero;

(xix) in the case of a sale, exchange, or liquidation of its partners' partnership interests in Stobie Creek, neither the partnership nor its partners have established that the bases of the partners' partnership interests were greater than zero for purposes of determining gain or loss to such partners from the sale, exchange, or liquidation of such partnership interest;

(xx) the adjustments of partnership items of Stobie Creek for the period ending April 30, 2000 are attributable to a tax shelter for which no substantial

authority has been established or for which there was no showing of reasonable belief by the partnership or its partners that the position taken was more likely than not the correct treatment of the related transactions; and

(xxi) the underpayments of tax were attributable to substantial understatements of income tax, gross valuation misstatements or negligence resulting in the imposition of penalties pursuant to Code Section 6662.

(xxii) There has not been a showing by the partnership or any of its partners that there was reasonable cause for any of the purported resulting underpayments, that the partnership or any of its partners acted in good faith, or that any other exceptions to the penalty apply.

c. The determination that:

(i) the FPAA fails to describe the factual basis for adjustments or the assertion of any penalties and, therefore, the burden of proof, with respect to such adjustments and penalties, is upon the Defendant.

(ii) the Defendant bears the burden of proof with respect to any issue set forth in the FPAA pursuant to Code Section 7491.

**The Parties**

8. The partners of Stobie Creek for the period ending April 30, 2000 were as follows:

a. DKW Senior Investments, LLC, a Delaware limited liability company duly formed under the Delaware Limited Liability Company Act, the sole member of which is David K. Welles, Sr. Its address is 3240 Savannah Place, Vero Beach, Florida 32963. Its taxpayer identification number is 34-1923034. It is a disregarded entity

pursuant to Treas. Reg. Sec. 301.7701-3(b)(1)(ii) because it did not elect to be treated as other than a disregarded entity.

b. DKW Junior Investments, LLC, a Delaware limited liability company duly formed under the Delaware Limited Liability Company Act, the sole member of which is David K. Welles, Jr. Its address is 112 Rockledge Drive, Perrysburg, Ohio 43551. Its taxpayer identification number is 34-1922749. It is a disregarded entity pursuant to Treas. Reg. Sec. 301.7701-3(b)(1)(ii) because it did not elect to be treated as other than a disregarded entity.

c. JFW Investments, LLC, a Delaware limited liability company duly formed under the Delaware Limited Liability Company Act, the sole member of which is Jeffrey F. Welles. Its address is 780 Third Avenue, Suite 3400, New York, New York 10017. Its taxpayer identification number is 31-1706252. It is a disregarded entity pursuant to Treas. Reg. Sec. 301.7701-3(b)(1)(ii) because it did not elect to be treated as other than a disregarded entity.

d. CSW Investments, LLC, a Delaware limited liability company duly formed under the Delaware Limited Liability Company Act, the sole member of which is Christopher S. Welles. Its address is 218 Hart Street, Beverly Farms, Massachusetts 01915. Its taxpayer identification number is 31-1706472. It is a disregarded entity pursuant to Treas. Reg. Sec. 301.7701-3(b)(1)(ii) because it did not elect to be treated as other than a disregarded entity.

e. PCW Investments, LLC, a Delaware limited liability company duly formed under the Delaware Limited Liability Company Act, the sole member of which is Peter C. Welles. Its address is 2160 6th Avenue North, Orono, Minnesota 58356. Its

taxpayer identification number is 31-1706260. It is a disregarded entity pursuant to Treas. Reg. Sec. 301.7701-3(b)(1)(ii) because it did not elect to be treated as other than a disregarded entity.

f. VJ Investments, LLC, a Delaware limited liability company duly formed under the Delaware Limited Liability Company Act, the sole member of which is Virginia W. Jordan. Its address is 8277 North 39th Street, Longmont, Colorado 80503. Its taxpayer identification number is 34-1923500. It is a disregarded entity pursuant to Treas. Reg. Sec. 301.7701-3(b)(1)(ii) because it did not elect to be treated as other than a disregarded entity.

g. Family trust under the David Welles 1994 Trust duly formed by Agreement dated January 31, 1994. Its address is 3240 Savannah Place, Vero Beach, Florida 32963. Its taxpayer identification number is 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.

9. The defendant is the United States of America with respect to the claims and actions by its agent, the IRS, an executive agency within the Department of Treasury. Service of process may be made on Defendant through the Attorney General at the Tax Division of the Department of Justice and upon such other offices or individuals as may be required.

**Jurisdiction**

10. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1508 and 26 U.S.C. § 6226(b)(1).

**Deposit**

11. On July 9, 2007, Mr. and Mrs. Jeffrey Welles deposited $58,149.14 with the IRS at Chicago, Illinois. In accordance with Code Section 6226(e), the deposit represents the amount by which the tax liability of the sole member of JFW LLC, the filing partner, would be increased

if the treatment of partnership items of Stobie Creek on JFW LLC's federal income tax returns was made consistent with the treatment of partnership items on Stobie Creek's partnership federal income tax return, as adjusted by the FPAA issued by the Internal Revenue Service, plus estimated interest. A copy of the letter and the check sent to the IRS representing the deposit is attached hereto as Exhibit B.

**Assignments of Error**

12. The FPAA, and each and every determination and alternative position made by the Commissioner of Internal Revenue ("Commissioner") in the FPAA is erroneous. Specifically, in the FPAA, the Commissioner erred as follows:

a. In failing to recognize the due formation and operation of Stobie Creek for the period ending April 30, 2000.

b. In asserting that neither Stobie Creek nor its partners have established the existence of Stobie Creek as a partnership as a matter of fact.

c. In asserting that Stobie Creek was formed and availed of solely for purposes of tax avoidance by overstating basis in the partnership interests of its partners.

d. In asserting that the formation of Stobie Creek, the acquisition of any interests in the partnership by the partners, the purchase of options, the transfers of options and appreciated stock to the partnership for partnership interests, the transfers of partnership interests to corporations controlled by the partners and the subsequent sale of those assets had no business purpose, lacked economic substance, and constitutes an economic sham.

e. In asserting that the partnership and the transactions described in the above paragraph shall be disregarded in full and increases in bases of assets are not allowed to eliminated gain for federal income tax purposes.

f. In asserting that Stobie Creek was a sham, lacked economic substance.

g. In asserting that, pursuant to Treas. Reg. Sec. 1.701-2, Stobie Creek was formed and availed of in connection with a transaction or transactions in taxable period ending April 30, 2000 a principal purpose of which was to reduce substantially the present value of its partners' aggregate federal tax liability in a manner that is inconsistent with the intent of Subchapter K of the Code.

h. In asserting that Stobie Creek should be disregarded and all transactions engaged in by Stobie Creek should be treated as engaged in directly by its partners.

i. In asserting that the foreign currency options are treated as never having been contributed to or assumed by Stobie Creek and any gains or losses realized by Stobie Creek on the options are treated as having been realized by its partners;

j. In asserting that the Therma-Tru stock contributed to Stobie Creek was treated as never having been contributed by its partners and any gains or losses realized by Stobie Creek on the stock are treated as having been realized by its partners.

k. In asserting that the partners of Stobie Creek should be treated as not being partners in Stobie Creek.

l. In asserting that contributions to Stobie Creek will be adjusted to reflect clearly the partnership's or the partners' income.

m. In asserting that there is no excess of the outside basis in Stobie Creek over the inside basis of Stobie Creek and the Code Section 743(b) adjustment to basis is $0 (zero).

n. In failing to give effect of Stobie Creek's Code Section 754 election and adjustment of the basis of the Therma-Tru stock under Code Section 743(b).

o. In asserting that Stobie Creek's basis in the ThermaTru Stock is $3,180,124.

p. In asserting that the obligations under the short positions (written call options) which had been transferred to Stobie Creek for the period ending April 30, 2000, constituted liabilities for purposes of Treas. Reg. Sec. 1.752-6 and reduced the partners bases in Stobie Creek in the total amount of $204,575,000.

q. In asserting that the option positions purchased and sold are integrated into a single transaction in accordance with its economic substance under Code Section 988;

r. In asserting that neither Stobie Creek nor its partners entered into the options positions or purchased the foreign currency or stock with a profit motive for purposes of Code Section 165(c)(2).

s. In asserting the economically offsetting option positions constitute an arrangement under Code Section 465(b)(4) to limit the exposure to risk of loss and, that neither Stobie Creek nor its partners established any other amounts considered to be at risk for purpose of Code Section 465 that would allow the partners to deduct losses arising from or in connection with Stobie Creek.

t. In asserting that even if the foreign currency options are treated as having been contributed to Stobie Creek for the period ending April 30, 2000, the amount treated

as contributed by the partners under Code Section 722 is reduced by the amounts received by the contributing partners from the contemporaneous sale of call options to the same counter-party.

u. In asserting that the basis of the contributed options(s) is reduced, both in the hands of the contributing partners and Stobie Creek, and that any increases in the outside basis in Stobie Creek resulting from contributions of the foreign currency option(s) are disallowed.

v. In asserting that the adjusted bases of the long call positions, zero coupon notes, and other contributions made by the partners to Stobie Creek for the period ending April 30, 2000 had not been established under Code Section 723.

w. In asserting that the partners of Stobie Creek have not established adjusted bases in their respective partnership interests in an amount greater than zero.

x. In asserting that in the case of a sale, exchange, or liquidation of the partnership interests of the partners of Stobie Creek for the periods ending April 30, 2000, the bases of the partnership interests of the partners were not greater than $0 for purposes of determining gain or loss of such partners from the sale, exchange, or liquidation of such partnership interests.

y. In asserting that the adjustments of partnership items of Stobie Creek are attributable to a tax shelter for which no substantial authority has been established for the position taken, and for which there was no showing of reasonable belief by the partnership or its partners that the position taken was more likely than not the correct treatment of the tax shelter and related transactions.

z. In asserting that all of the purported underpayments of tax resulting from those adjustments of partnership items are attributable to, at a minimum substantial understatement of income tax, gross valuation misstatement(s), or negligence or disregarded rules or regulations.

aa. In asserting that there has not been a showing by the partners or the partnership that there was a reasonable cause for any of the resulting underpayments, that the partnership or its partners acted the good faith, or that any other exceptions to the penalty apply.

bb. In asserting that the 40% penalty attributable to a gross valuation misstatement applies under Code Sections 6662(a), 6662(b)(3), 6662(e), and 6662(h).

cc. In asserting that a 20% penalty attributable to negligence or disregard of rules and regulations applies as provided by Code Sections 6662(a), 6662(b)(1), and 6662(c).

dd. In asserting that a 20% penalty attributable to a substantial understatement of income tax applies under Code Sections 6662(a), 6662(b)(2), and 6662(d).

ee. In asserting that a 20% penalty attributable to the substantial valuation misstatement applies under Code Sections 6662(a), 6662(b)(3), and 6662(e).

**Facts**

13. The facts on which Plaintiff relies for the assignment of Commissioner's errors are as follows:

a. The members of the family of David K. Welles, Sr. are tight-knit and tend to make financial decisions jointly through discussion and consensus building.

b. For many years, the members of the family of David K. Welles, Sr. held, directly and indirectly, stock in Therma-Tru, as well as interests in other investment opportunities.

c. Therma-Tru was the Welles family business, having passed from the initial founder to successive generations. It had been built into a successful enterprise through the family's hard work over a long period of time. Because of its value and importance to the family, they desired to consolidate the wealth generated from the business in a jointly-owned and managed entity.

d. During the year 1999, members of the family of David K. Welles, Sr. determined to formalize and consolidate their investment activities in a single investment entity with a centralized management.

e. On March 3, 2000, Stobie Creek was formed as a Delaware limited liability company to formalize and consolidate the investments of the members of the family of David K. Welles, Sr.

f. Stobie Creek was formed for the purpose of holding the investments of the members of the family of David K. Welles, Sr. and of making profits by investing in stocks, securities, options, derivatives, and other forms of investment. All of the members of Stobie Creek participated in its ownership in order to make money and diversify their investment positions.

g. Pursuant to the Stobie Creek Limited Liability Company Agreement, North Channel LLC, a New York limited liability company, was designated the manager of Stobie Creek.

h. The members of North Channel LLC are David K. Welles, Sr. and his wife, Georgia E. Welles. Jeffrey F. Welles is the manager of North Channel LLC.

i. Mr. Jeffrey F. Welles has provided investment management advice to the members of the family of David K. Welles, Sr.

j. Jeffrey F. Welles is a graduate of Dartmouth College (1977 – A.B. in Government and French) and received an M.B.A. from Columbia University in 1985. He was employed as an investment banker at Goldman, Sachs & Co. in New York City during the years 1985 through 1995 and at Lazard Freres from 1995 to 1999, and held various NASD licenses as follows: Series 3 - National Commodities Futures; Series 5 - Interest Rate Options; Series 7 - General Securities Representative; Series 15 - Foreign Currency Options; Section 63 – All States; and Section 65 – Investment Advisor. All of Mr. Welles' licenses (other than Investment Advisor) terminated in 1995 upon leaving the employment of Goldman Sachs. Mr. Welles' Investment Advisor license was terminated in 2000, when Mr. Welles began working at North Channel LLC, a privately held company.

k. In 1999, Jeffrey F. Welles left the employ of Lazard Freres to devote substantial attention to the investment and financial planning objectives of David K. Welles, Sr. and his family members including, for example, investment opportunities, asset diversification, estate planning, shared investment management, joint ownership options and asset protection planning.

l. In addition to his activities as an investment advisor to the members of the family of David K. Welles, Sr., Jeffrey F. Welles serves as the Chairman of the Investment Committee of the Board of Trustees of St. George's School, Newport, Rhode

Island; he is a member of the Board of Directors and the Treasurer of Anchor, a not-for-profit organization devoted to the advancement of the education of inner-city youth located in New York City; he is a member of the Investment Committee of the Buckley School, New York City, Board of Directors; and President and Manager of Investments of the Cricket Island Foundation, a private foundation with over $40,000,000 in assets that serves the charitable activities of the family of David K. Welles, Sr.

m. On March 17, 2000, each of DKW Senior Investments, LLC, DKW Junior Investments, LLC, JFW Investments, LLC, CSW Investments, LLC, PCW Investments, LLC, and VJ Investments, LLC was formed as a single member, limited liability company under Delaware law (collectively the "Stobie Creek Member LLCs"). Each such entity was a disregarded entity for federal income tax purposes by reason of Treas. Reg. Sec. 1.301-7701–3(b)(1)(ii) because they did not elect to be treated as other than a disregarded entity.

n. On or around April 14, 2000, Jeffrey F. Welles, and other members of the family of David K. Welles, Sr., transferred portions of their share holdings in Therma-Tru to Stobie Creek.

o. On the basis of Jeffrey F. Welles' prior experience and his then research and analysis, he believed that foreign exchange markets presented potentially lucrative investment opportunities for himself and the several members of the family of David K. Welles, Sr.

p. On or around March 31, 2000, for valid business and investment reasons, member partners of Stobie Creek entered into over-the-counter, non-publicly traded European style foreign currency options on the Euro and the Swiss Franc. For example,

JFW Investments, LLC purchased digital options on the Euro/U.S. Dollar exchange rate. The digital options bore a strike price of 0.9912 U.S. Dollars per 1.00 Euro with an expiration date of April 17, 2000, a final exchange date of April 19, 2000, a payoff amount of $19,325,000 and a paid premium of $9,662,500. In addition, JFW Investments, LLC purchased digital options on the Swiss Franc/U.S. Dollar exchange rate. These digital options bore a strike price of 1.7027 Swiss Francs per 1.00 U.S. Dollar with an expiration date of April 17, 2000, a final exchange date of April 19, 2000, a payoff amount of $19,325,000, and a paid premium of $9,662,500 (the "Long Options"). JFW Investments, LLC sold a digital option on the Euro/U.S. Dollar exchange rate at a strike price of 0.9914 U.S. Dollars per 1.00 Euro and received a premium of $9,565,875, with an expiration date of April 17, 2000, a final exchange date of April 19, 2000, and a payoff amount of $19,131,750. The limited liability company also sold a digital option on the Swiss Franc/U.S. Dollar exchange rate at a strike price of 1.7029 Swiss Franc per 1.00 U.S. Dollar and received a premium of $9,565,875, with an expiration date of April 17, 2000, a final exchange date of April 19, 2000, and a payoff amount of $19,131,750 (the "Short Options"). Similar Long Options and Short Options were both purchased and sold by other partners of Stobie Creek.

q. The Long Options and the Short Options on the Euro/U.S. Dollar and on the U.S. Dollar/Swiss Franc were contributed to Stobie Creek by the Stobie Creek Member LLCs on or around April 3, 2000. The Long Options and Short Options had an aggregate cost basis of $204,575,000.

r. On April 17, 2000, Stobie Creek's Long Options and Short Options terminated, resulting in a loss of $2,045,750 for Stobie Creek.

s. On April 30, 2000, member partners of Stobie Creek holding in excess of 50% of interests in Stobie Creek contributed their separate Stobie Creek interests to individually owned corporations. As a consequence of such transfers, Stobie Creek was terminated for federal income tax purposes pursuant to the provisions of Code Section 708.

t. On its federal income tax return for the period ending April 30, 2000 Stobie Creek and its member partners elected under Code Section 754 to apply the provisions of Code Sections 734(b) and 743(b) to adjust the basis of partnership property pursuant to Code Section 755.

u. For the period ending April 30, 2000, the member partners of Stobie Creek consisted of limited liability companies established by members of the family of David K. Welles, Sr. and trusts held for the benefit of members of the family of David K. Welles, Sr.

v. In determining the basis of the assets deemed distributed by Stobie Creek upon its termination on April 30, 2000, Stobie Creek properly determined the basis of those assets consistent with Code Section 752, the regulations thereunder, as well as established case law by not treating the Short Options as a liability for federal income tax purposes.

w. At all times, Stobie Creek has sought the advice of well qualified investment managers and advisors to evaluate the financial merits of its investments and the proper tax treatment of all transactions in which it engaged.

x. In the case of each of the member partners of Stobie Creek, the transactions involving the purchase and sale of the Long Options and Short Options

occurred for substantial non-tax business reasons, including to generate an overall economic profit as a consequence of changes in the relationship and value between the Euro/U.S. Dollar exchange rate and the Swiss Franc/U.S. Dollar exchange rate.

y. In connection with the transactions engaged in by Stobie Creek and its member partners as set forth herein, Stobie Creek and its member partners sought and obtained tax opinions from respected tax advisors who informed them that the tax treatment of the transactions as reported on the respective tax returns of its members was more likely than not correct.

z. Stobie Creek was not formed or availed of in connection with a transaction a principal purpose of which was to reduce substantially the amount of the member partners' aggregate federal tax liability in a manner that is inconsistent with Subchapter K of the Code.

aa. Stobie Creek currently holds hundreds of millions of dollars in assets and has engaged in billions of dollars of trades since its creation, including foreign currency transactions.

bb. Stobie Creek filed its federal income tax returns for the periods ending April 30, 2000 in good faith with due and reasonable regard for the federal income tax rules and regulations. Stobie Creek employed qualified tax professionals who were in possession of all pertinent facts in connection with the preparation and filing of its federal income tax returns. Stobie Creek and its member partners reasonably believed the opinion of their experts that the positions taken on the federal income tax returns were more likely than not correct. The actions undertaken by Stobie Creek and its partners meet and exceed the standard of ordinary care established by Code Sections 6662 and

6664 for taxpayer compliance with federal income tax rules and regulations. Neither Stobie Creek nor its member partners were negligent, nor did any of them act with intentional disregard of the rules and regulations under Code Section 6662.

cc. All transactions reflected on the federal income tax returns of Stobie Creek and its member partners were reported at amounts based on trading transactions with unrelated parties. No amounts on the returns were determined by valuation. Thus, the 40% valuation misstatement penalty is not applicable to Stobie Creek or its partners.

dd. In connection with the transactions engaged in by Stobie Creek and its member partners, no price was paid for any property or services (or for the use of property) between persons described in Code Section 482. Thus, the 20% valuation misstatement penalty is not applicable to Stobie Creek or its member partners.

ee. Stobie Creek had no substantial understatement of its federal income tax. Moreover, none of the transactions at issue engaged in by Stobie Creek and its partners are tax shelters as defined by the Code. Even if a substantial understatement of federal income tax were ultimately determined to be due, there was substantial authority for the treatment of all items on the April 30, 2000 federal income tax returns of Stobie Creek and each member partner had a reasonable basis for believing that the tax treatment of such items was more likely than not the proper treatment. In addition, all items were disclosed on the appropriate tax return and there was a reasonable basis for the tax treatment of each item.

ff. In all events, no penalty can or should be applied against Stobie Creek, as an entity or against its member partners, since all concerned proceeded in good faith based upon reasonable cause within the meaning of Code Section 6664(c).

gg. Accuracy related penalties under Code Section 6662 apply only to an underpayment of tax required to be shown on a return. No tax was required to be shown on the federal income tax returns for Stobie Creek. Accordingly, no penalties are determinable in this proceeding. Even if an underpayment were determined to be due, there was reasonable cause for such underpayment and Stobie Creek and its member partners, acted in good faith and reliance on their qualified tax advisors. Therefore, no penalty is due with respect to such underpayment pursuant to Code Section 6664(c).

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For a redetermination of the FPAA to remove all adjustments to income, losses, distributions, basis, and penalties;

2. For recovery of the $58,149.14 in taxes deposited (plus any interest permitted by law); and

3. For such further relief to which Plaintiff may be justly entitled.

Dated: July 10, 2007.

Respectfully Submitted

Robert E. Kolek

Thomas R. Wechter
John A. Bannon
Colleen M. Feeney
Ronald S. Safer
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
Phone: 312-258-5500
Fax: 312-258-5600

CHI\ 5077335.5