IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-520 T
(Judge Christine O.C. Miller)

STOBIE CREEK INVESTMENTS LLC, JFW
INVESTMENTS, LLC, Tax Matters and
Notice Partner,
                                             Plaintiff,

v.

THE UNITED STATES,
                                             Defendant.

_____

ANSWER

_____

Defendant, the United States, through its attorneys, hereby answers plaintiff's complaint. Defendant denies each allegation contained therein that is not admitted or otherwise expressly addressed below. Defendant generally objects to the complaint as improperly pleaded, in violation of Rule 8(a), which requires a "short and plain statement." Defendant further responds as follows:

    1. Admits only that this is a civil action arising under Section 6226 of the Internal Revenue Code. Avers that the remaining allegations of paragraph 1 are plaintiff's characterization of the claim, but denies that plaintiffs are entitled to any relief.

    2. Admits the allegation of paragraph 2 that JFW LLC purports to be a Delaware limited liability company, Notice Partner, and Tax Matters Partner with respect to Stobie Creek Investments LLC. Further admits that Stobie Creek Investments, LLC, purports to be a Delaware

limited liability company.  Denies the implied allegations of paragraph 2 that JFW LLC and Stobie Creek Investments LLC are valid limited liability companies.

3. Admits the allegation of paragraph 3 that JFW LLC and Stobie Creek purport to have an address at 780 Third Avenue, Suite 3400 and that Stobie Creek was given a taxpayer identification number of 13-4106264 after application to the Internal Revenue Service.  Further admits the allegation of paragraph 3 that a federal tax return (Form 1065) for Stobie Creek for the period in controversy was filed with the Internal Revenue Service Center, Holtsville, New York.  Denies the implied allegations of paragraph 3 that JFW LLC and Stobie Creek Investments LLC are valid limited liability companies, and denies the remaining allegations of paragraph 3.

4. Admits the allegations of paragraph 4.

### Statement of Claim

5. Admits the allegation of paragraph 5 that plaintiff did not file a complaint within the time period required by Section 6226(a).  Further admits the allegation of paragraph 5 that plaintiff purports to be filing the Complaint as a notice partner pursuant to Section 6226(b) and Rule 2(d)(2) of Appendix F of the Rules of the United States Court of Federal Claims.  Denies the implied allegation that Stobie Creek is a valid limited liability company.

6. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7. Admits that the allegations of paragraph 7 are plaintiff's characterization of its claim.  Denies that plaintiff is entitled to a refund or a determination that the IRS erred in any of its determinations.  States that the Court lacks jurisdiction to order a refund within this proceeding.

**The Parties**

 8. Admits the allegations of paragraph 8 that the entities listed in paragraph 8a through g purport to be partners of Stobie Creek for the period ending April 30, 2000. Denies the implied allegation that Stobie Creek and the other named entities were valid limited liability companies.

  a. Admits the allegations of paragraph 8a that DKW Senior Investments, LLC, purports to be a Delaware limited liability company, the sole member of which is David K. Welles, Sr. Further admits that it purports to have an address of 3240 Savannah Place, Vero Beach, Florida 32963 and that it was given the taxpayer identification number of 34-1923034 upon application to the Internal Revenue Service. Denies the remaining allegations of paragraph 8a.

  b. Admits the allegations of paragraph 8b that DKW Junior Investments, LLC, purports to be a Delaware limited liability company, the sole member of which is David K. Welles, Jr. Further admits that it purports to have an address of 112 Rockledge Drive, Perrysburg, Ohio 43551 and that it was given the taxpayer identification number of 34-1922749 upon application to the Internal Revenue Service. Denies the remaining allegations of paragraph 8b.

  c. Admits the allegations of paragraph 8c that JFW Investments, LLC, purports to be a Delaware limited liability company, the sole member of which is Jeffrey F. Welles. Further admits that it purports to have an address of 780 Third Avenue, Suite 3400, New York, New York 10017, and that it was given the taxpayer identification number of 34-1706252 upon application to the Internal Revenue Service. Denies the remaining allegations of paragraph 8c.

d. Admits the allegations of paragraph 8d that CSW Invesments, LLC, purports to be a Delaware limited liability company, the sole member of which is Christopher S. Welles. Further admits that it purports to have an address of 218 Hart Street, Beverly Farms, Massachusetts 01915, and that it was given the taxpayer identification number of 31-1706472 upon application to the Internal Revenue Service. Denies the remaining allegations of paragraph 8d.

e. Admits the allegations of paragraph 8e that PCW Investments, LLC, purports to be a Delaware limited liability company, the sole member of which is Peter C. Welles. Further admits that it purports to have an address of 2160 6th Avenue North, Orono, Minnesota 58356, and that it was given the taxpayer identification number of 31-1706260 upon application to the Internal Revenue Service. Denies the remaining allegations of paragraph 8e.

f. Admits the allegations of paragraph 8f that VJ Investments, LLC, purports to be a Delaware limited liability company, the sole member of which is Virginia W. Jordan. Further admits that it purports to have an address of 8277 North 39th Street, Longmont, Colorado 80503, and that it was given the taxpayer identification number of 34-1923500 upon application to the Internal Revenue Service. Denies the remaining allegations of paragraph 8f.

g. Admits the allegations of paragraph 8g that Family trust under the David Welles 1994 Trust purports to be a trust formed on January 31, 1994 with an address of 3240 Savannah Place, Vero Beach, Florida 32963, and that it has the taxpayer identification number of ████████.

9. Admits the allegation of paragraph 9 that defendant is the United State of America, and states that proper service upon the United States must be in accordance with RCFC 4.

### Jurisdiction

10. Denies the allegation of paragraph 10 that jurisdiction lies in this case for plaintiff's demand for refund. Admits only that jurisdiction, to the extent it exists as to the remainder of plaintiff's claim, is conferred by 28 U.S.C. § 1508.

### Deposit

11. Admits the allegation of paragraph 11 that the IRS received a deposit in the amount of $58,149.14. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11.

### Assignments of Error

12. Denies the allegations of paragraph 12.

### Allegations of Facts

13. Denies that the Commissioner erred in the determinations made in the FPAA. Defendant responds to the further allegations of paragraph 13 as follows:

    a-d. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 13a-d.

    e. Admits that Stobie Creek was formed on March 3, 2000 as a Delaware limited liability company. Denies the implied allegation that Stobie Creek was a valid limited liability company, and denies the remaining allegations of paragraph 13e.

    f. Denies the allegations contained in paragraph 13f.

    g. Admits that North Channel LLC was designated the manager of Stobie Creek. Denies the implied allegation of paragraph 13g that Stobie Creek was a legitimate limited liability

company.  States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13g.

h-l.  States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 13h-l.

m.  Admits the allegations of the first sentence of paragraph 13m that each of the entities indicated purports to be a Delaware limited liability company formed on March 17, 2000. Denies the implied allegations of paragraph 13m that the entities are valid limited liability companies.  Denies the remaining allegations of paragraph 13m.

n.  Admits that members of the Welles family purportedly transferred portions of their Therma Tru share holdings to Stobie Creek in 2000.  States that it currently lacks knowledge or information sufficient to form a belief as to the exact date of the purported transfer.  Denies the implied allegation that Stobie Creek is a valid limited liability company.

o.  Denies the allegations of paragraph 13o.

p.  Admits that purported members of Stobie Creek purportedly entered into "Foreign Currency Digital Option Transaction[s]" with a trade date of March 31, 2000.  Denies the allegation that the transactions were entered into for valid business or investment reasons. Denies the remaining allegations of paragraph 13p, including plaintiff's characterization of the purported transactions.

q.  Admits that the purported members of Stobie Creek purported to transfer the Foreign Exchange Digital Option Transactions to Stobie Creek, but denies that they were validly assigned to Stobie Creek.  Denies the implied allegations that Stobie Creek and the Stobie Creek Member

LLCs are valid limited liability companies, and denies the remaining allegations of paragraph 13q.

    r. Denies that the Foreign Exchange Digital Option Transactions terminated. Admits that the transactions expired by their own terms on April 17, 2000. Denies that the expiration of the options resulted in a loss to Stobie Creek, and denies the implied allegation that Stobie Creek is a valid limited liability company.

    s. Denies the allegations of paragraph 13s.

    t. Admits the allegations of paragraph 13t that Stobie Creek and its member partners elected to adjust basis of partnership property. Denies that the basis adjustment was proper.

    u. States that the allegations contained in paragraph 13u are identical to those contained in paragraph 8 of plaintiff's complaint. Defendant, therefore, incorporates its response to paragraph 8 in response to paragraph 13u of the complaint.

    v-z. Denies the allegations contained in paragraphs 13v-z.

    aa. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13aa.

    bb-gg. Denies the allegations of paragraphs 13bb-gg.

WHEREFORE, the defendant prays that this Court enter judgment in favor of defendant and against plaintiff, determining that the adjustments to the partnership return of Stobie Creek Investments made by the FPAA are correct; dismissing plaintiff's complaint; and granting such other and further relief as is just and proper.

                                              Respectfully submitted,

                                              s/Stuart D. Gibson
                                              Stuart D. Gibson
                                              Attorney of Record
                                              U.S. Department of Justice
                                              Tax Division
                                              Office of Civil Litigation
                                              Post Office Box 403
                                              Ben Franklin Station
                                              Washington D.C. 20044
                                              (202) 307-6586

                                              Richard T. Morrison
                                                Acting Assistant Attorney General
                                           David Gustafson
                                              Chief, Court of Federal Claims Section
                                          Cory A. Johnson
                                              Trial Attorney
                                          Jacob E. Christensen
                                              Trial Attorney

September 10, 2007                      s/David Gustafson
                                              Of Counsel